# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE

### Assigned on Briefs November 10, 2011

## STATE OF TENNESSEE v. RAY JEROME ODOM

### Direct Appeal from the Criminal Court for Davidson County
### No. 2006-C-1791     Seth Norman, Judge

### No. M2010-01032-CCA-R3-CD- Filed July 16, 2012

Defendant, Ray Jerome Odom, was indicted by the Davidson County Grand Jury for first degree premeditated murder, felony murder, and aggravated assault. The trial court granted Defendant's motion for judgment of acquittal as to felony murder and aggravated assault. Defendant was convicted by a jury of the lesser included offense of second degree murder and sentenced by the trial court to 18 years confinement, to be served at 100 percent. In this appeal as of right, Defendant challenges the sufficiency of the convicting evidence. After a careful review of the record, we affirm the judgment of the trial court.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Mark A. Kovach, Nashville, Tennessee, for the appellant, Ray Jerome Odom.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Renee Erb, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

*Facts*

On April 14, 2006, Crime Scene Investigator Joe Williams was dispatched to the scene of a shooting near 6th Avenue North in Nashville. He observed the victim, Ronnie Parker, lying "partially on the sidewalk and on the asphalt." He had been shot multiple times. Investigator Williams also saw beer cans, shell casings, and dice on a door stoop on the side of the house in front of where the victim was lying. He also observed a grill that was "warm

to the touch" outside of an apartment, and he spoke with a person inside named Phillip Whitley. After speaking to Mr. Whitley, Investigator Williams developed Defendant as a suspect. The same night as the shooting, Mr. Whitley identified Defendant as the shooter in a photographic lineup.

Carla Jones, Mr. Whitley's fiancé, was inside their apartment when she heard gunshots. She ran to the back door to make sure Mr. Whitley, who was outside grilling, was not shot. Earlier that day, four or five people, including Defendant, whom she knew from around the neighborhood, were outside playing dice. She testified that she did not see the shooting.

Special Agent Tommy Heflin of the TBI examined two projectiles that were recovered from the victim by the medical examiner's office. He testified that the bullets were .380 or 9 millimeter, semi-jacket hollow point bullets. He determined that both bullets were fired from the same firearm. He also examined seven fired cartridge cases, all Remington brand cartridge casings, which were all fired by the same firearm.

Dr. Amy McMaster, of the Davidson County Medical Examiner's Office, performed an autopsy on the victim, Ronnie Parker. She testified that the victim sustained multiple gunshot wounds to the head, torso, and extremities. The fatal wound entered the victim's back, injuring vital organs. She recovered bullets from the victim's neck and chest. The manner of death was determined to be homicide. The victim's blood alcohol level was 0.17 percent.

Phillip Whitley testified that he was grilling on his back porch at the time of the shooting. A group of people were shooting dice on the stoop of a nearby apartment. He recognized one of the men as Defendant, whom he knew as "Little Ray." Mr. Whitley heard a "commotion going on" and "some words said, something about some dice." Mr. Whitley testified that the victim "snatched some money from the dice game and he took off running with it." He then heard gunshots and saw Defendant firing a gun. The victim ran past Mr. Whitley, and Mr. Whitley "ducked down because [he] was in the line of fire." Mr. Whitley went inside and looked out the door and saw the victim lying on the sidewalk with "a couple of guys standing around him." Mr. Whitley testified that he saw Defendant drop his gun down beside him. Mr. Whitley testified that he "might have had a beer or two" that day and that he had not used any drugs that day. He testified that Detective Williams showed him a photo lineup, and Mr. Whitley identified Defendant as the shooter.

Pat Wells, a private investigator, testified on behalf of Defendant. He testified that he interviewed Mr. Whitley on March 12, 2008. Mr. Whitley told Mr. Wells that he saw Defendant shoot the victim as the victim ran away and then saw Defendant stand over the

victim and shoot him again while the victim was lying on the ground. In an interview on April 10, 2008, Defendant stated that he did not see anyone else with a gun at the time of the shooting and that Defendant ran from the area of the shooting with a gun in his hand. He also stated that he saw Defendant standing over the victim with a gun in his hand, but that he did not see Defendant shoot the victim while standing over him. Mr. Wells testified that when he pointed out the inconsistency in Mr. Whitley's statements, Mr. Whitley stated that "he and his girlfriend get high a lot by smoking marijuana and by drinking alcohol and he gets things mixed up at times."

*Analysis*

Defendant challenges the sufficiency of the convicting evidence. Specifically, Defendant argues that the only evidence of Defendant's identity as the perpetrator was "the tenuous and unreliable circumstantial testimony" of witnesses Phillip Whitley and Carla Jones.

When the sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *see also* Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); *State v. Evans*, 838 S.W.2d 185, 190–92 (Tenn. 1992); *State v. Anderson*, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. *See State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

*Bolin v. State*, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (Tenn. 1966) (citing *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (Tenn. 1963)).

"A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn.1982).

Defendant was convicted of second degree murder, which is defined as "[a] knowing killing of another." Tenn. Code Ann. § 39-13-202(a).

> "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result.

Tenn. Code Ann. § 39-11-302(b).

The evidence taken in the light most favorable to the State establishes that Defendant and others were playing a game of dice when a "commotion" occurred, and Defendant shot the victim several times as the victim was running away from Defendant. The medical examiner's testimony corroborated Mr. Whitley's account of the events in that the victim was shot in the back. The jury, as the finder of fact, resolves questions of credibility, as well as the weight and value of the evidence. *See Pappas*, 754 S.W.2d at 623. In this case, the jury credited the eyewitness testimony of Mr. Whitley. Defendant is not entitled to relief.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-